Jane HIGBEE et al., Appellants,

v.

Harry CARTER, Appellee.

No. 7058.

Court of Civil Appeals of Texas.

Beaumont.

Sept. 4, 1969.

Rehearing Denied Sept. 25, 1969.

Musslewhite, Maroney & Cely, Lufkin, for appellants.

Wm. Drew Perkins, Lufkin, for appellee.

STEPHENSON, Justice.

This is an action for damages arising out of an automobile collision. Plaintiff, Jane Higbee, and defendant, Harry Carter, were drivers of two of the three automobiles involved. Judgment was rendered that plaintiffs take nothing, upon the jury verdict. The parties will be referred to here as they were in the trial court.

The jury found defendant guilty of negligence in speeding, racing, failing to properly apply his brakes, and failing to keep a proper lookout, and that each act of negligence was a proximate cause of the collision. The jury also found plaintiff, Jane Higbee, was negligent in turning from the outside lane to the inside lane, and that this negligence was a proximate cause of the collision.

Plaintiffs' first series of points of error are that there was no evidence, insufficient evidence, and the findings of negligence and proximate cause on the part of plaintiff, Jane Higbee, were contrary to the weight and preponderance of the evidence. In passing upon the "no evidence" points, we consider only the evidence favorable to such jury finding. In passing upon the other points of error, we consider the entire record.

The uncontroverted evidence shows this collision occurred on Timberlane Drive in Lufkin, Texas, at about 8:30 to 9:00 p. m., the 19th day of September, 1967. Timberlane Drive is a four-lane divided highway with a speed limit of 45 miles per hour. All three cars involved in this incident were proceeding in a northerly direction on Timberlane Drive. The third car was driven by Robert Johnson, who was originally named as a defendant, but dismissed at the time of the trial.

Eugene Hack testified as follows: He is a member of the Lufkin Police Department and investigated this collision. He received this call about 8:50 p. m. He went to the scene of the collision and found three vehicles. One was a 1955 Plymouth which he found had been driven by defendant, Harry Carter. One was a 1965 Ford which he found had been driven by plaintiff, Jane Higbee. The third was a 1964 Dodge which he found had been driven by Robert Johnson. He found the damage was to the Johnson right front fender and the right rear of the Higbee car. He talked with Johnson and defendant, Carter, together, and they told him they were driving down the highway side by side when they came up behind the Higbee automobile, and that defendant, Carter, swerved to the right and Johnson slammed on his brakes, and when plaintiff, Jane Higbee, swerved to the left, Johnson could not avoid hitting her. Plaintiff, Jane Higbee, told him she was traveling along in the right-hand lane, heard brakes squealing, looked into her rear-view mirror and saw a car, swerved to the left because she thought she was going to be hit and didn't see the Johnson car behind her, which ran into her automobile. Officer Hack found the point of impact to be in both lanes of the highway, but more in the inside lane.

Freddy Bryan testified to the following: He is 18 years old and worked at the Quickway Grocery on Timberlane Drive. Plaintiff, Jane Higbee, had just left Quickway Grocery shortly before the collision occurred. He saw two cars, a Dodge and a Plymouth, pass on Timberlane Drive making a lot of noise. They were doing between 75 and 80 miles per hour and were nearly side by side. He turned around and heard some squeals and a crash. He looked down the highway and could see the wreck about 200 to 250 yards away. He went down to the scene of the collision, but did not talk with the drivers.

Terry Thigpen testified to the following: He was at the Quickway Grocery at the time of the collision. He saw the Dodge and Plymouth when they passed, heard the noise of them passing, estimated their speed

at between 75 and 80 miles per hour, and heard the squeal of brakes and the sound of the impact.

Defendant, Harry Carter, was called under the adverse party rule and testified as follows: He was 20 years old and worked part-time for his brother-in-law, Robert Johnson, in Johnson's garage. They finished work about 7:30 or 8:00 p. m. and left the garage, driving separate automobiles, Johnson the Dodge and Carter the Plymouth. As they started north on Timberlane Drive, Carter was in the left lane and Johnson in the right lane. Johnson was behind at first but passed Carter, and Carter pulled over into the right lane behind him. They continued this way, with Johnson about 100 feet ahead, until just before the collision, when Johnson pulled over into the left lane. Carter saw the Higbee car just before Johnson hit it, and at that time the Higbee car was on the middle of the stripe, going pretty slow and angling to the right. Carter did not see that car before because of the curve in the road. Carter started putting on his brakes after Johnson hit her. He and Johnson were not racing, their speed was 50 to 55 miles per hour.

Plaintiff, Charles Higbee, testified as follows: He was 17 years of age and a passenger in the car. His mother had been driving in the right lane for a considerable distance before the impact. They were driving along when he heard the squeal of tires, his mother yelled look out, and jerked their car to the left and the Dodge driven by Johnson hit them. The noise of the tires sounded like it was directly behind them. The right-hand side of the Dodge hit mostly the left-hand back fender of the Higbee car.

Plaintiff, Jane Higbee testified as follows: She was driving north on Timberlane Drive between 8:30 and 9:00 p. m. It was cloudy, dusky, and dark. She had the lights on the car turned on. She moved with the right-hand lane after turning back north on the highway, and was driving about 35 miles an hour. She could see from lights in her rear-view mirror that a car was coming up behind her. She didn't think anything about it until she heard the squeal of brakes that seemed to be right behind her and she swerved to the left. She saw the car behind her as she swerved to the left, but did not see the second car. She thought if she kept going straight she would be hit from the rear. The curve in the road was slight and would not keep anyone behind from seeing her. She was partially in both lanes at the time she was hit. She did not have time to look and see if there was a car in the left lane, when she was trying to get out of the way of the car behind her.

We have carefully analyzed the testimony in this case and have concluded that even though there is some evidence to support the jury finding as to negligence and proximate cause on the part of plaintiff, Jane Higbee, that such findings are contrary to the great weight and preponderance of the evidence. We hold such findings are clearly wrong and manifestly unjust.

Reversed and remanded.